IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ELROY LADELL RICHMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 16-2089-JDT-tmp |
| | ) |
| GEORGE W. BUSH, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER ADOPTING REPORT AND RECOMMENDATION FOR DISMISSAL,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On February 5, 2016, Plaintiff Elroy Ladell Richman, who is currently residing in West Memphis, Arkansas,[1] filed a *pro se* complaint on the form used for commencing actions pursuant to 42 U.S.C. § 1983 (ECF No. 1), accompanied by a motion to proceed *in forma pauperis* (ECF No. 2). Plaintiff filed an amended complaint on February 22, 2016. (ECF No. 4.) On March 16, 2016, U.S. Magistrate Judge Tu M. Pham issued an order that, *inter alia*, granted leave to proceed *in forma pauperis*. (ECF No. 8.) Plaintiff filed a second amended complaint on May 4, 2016. (ECF No. 11.) The Clerk is directed to record the Defendants as George W. Bush, Barack Obama and the United States.

On May 12, 2016, Magistrate Judge Pham issued a Report and Recommendation ("R&R") in which he recommended dismissing the case *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] When the complaint was filed, Plaintiff resided in Memphis, Tennessee. (*See* ECF No. 1 at 3.)

(ECF No. 13.) Objections to the R&R were due on or before May 31, 2016. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (d). However, Plaintiff has filed no objections.

In Plaintiff's original and first amended complaints, he alleges the Defendants violated laws and falsified documents "by using entrapment and deformation [sic] of character while I was in uniform." (ECF No. 4 at 2.) Plaintiff further alleges the Defendants used "others in uniform to state that I had a mental illness that I did not have, but I did what I was told and signed a document under the government's guidance." (*Id.*) He alleges that unidentified persons at the local and state levels of government "helped disrespect me with no Miranda rights when I was taken to jail in Arkansas, Florida, New Mexico" and that "mental wards and hospitals gave me medication knowing full well I was set up by higher authorities." (*Id.*) Plaintiff states, "I hope after all these years that Madge Veirsen at that bank American Federal Savings or hope bank can tell the truth on how I tried to help on 9/11 and hope Bush and Obama can tell the truth on my service in the army." (ECF No. 1 at 2.)

In Plaintiff's second amended complaint,[2] he makes various rambling statements and then asserts that he made a telephone call to American Federal Savings on September 11, 2001, that "kept the enemy at bay in the states of the whereabouts of the President until he could get out of that classroom of children to a saver [sic] place to protect the country and regroup." (ECF No. 11 at 2.) He further states, "the 9-11 committee failed to mention the vital role that everyone including me played in defeating the enemy within the states on 9-11." (*Id.*)

Plaintiff wants to be sent to the U.S. Supreme Court to present his case and wants to "subpoena all telephone calls and VA footage proving my case that I was not so ill after all and get

---

[2] The Magistrate Judge noted that Plaintiff did not seek leave of Court prior to filing his second amended complaint but stated the allegations would be considered, nonetheless, in screening the case, thus implicitly granting leave to amend. (ECF No. 13 at 1-2 n.1.)

footage from Killen Chaplin at the time I was in." (ECF No. 4 at 3.) He also seeks monetary damages. (ECF No. 11 at 3.)

In the R&R, Magistrate Judge Pham determined that Plaintiff's allegations in this case do not state any claim under 42 U.S.C. § 1983, which applies only to persons and entities acting under color of state law. As Defendants Bush and Obama acted under color of federal law rather than state law, any potential constitutional claims against them would arise under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* created a private right of action for damages against federal officials in their individual capacities who violate a citizens's constitutional rights. *Id.* at 397. However, because Plaintiff's allegations complain about actions taken by Defendants Bush and Obama during the performance of their duties as President, they are entitled to presidential immunity from liability. *See Franklin v. Massachusetts*, 505 U.S. 788, 803 (1992) ([I]n general, courts have no jurisdiction "to enjoin the President in the performance of his official duties." (quoting *Mississippi v. Johnson*, 71 U.S. (4 Wall.) 475, 501 (1866))); *Nixon v. Fitzgerald*, 457 U.S. 731, 756 (1982) ("[W]e think it appropriate to recognize absolute Presidential immunity from damages liability for acts within the 'outer perimeter' of his official responsibility.").

The Magistrate Judge also determined that Plaintiff's claims against the United States for monetary and injunctive relief are barred by sovereign immunity. *See United States v. Testan*, 424 U.S. 392, 296 (1976) (monetary relief); *United States v. Certain Land Situated in City of Detroit*, 361 F.3d 305, 307 (6th Cir. 2004) (injunctive relief). Plaintiff has not identified a waiver of sovereign immunity for the claims asserted in this case.

The Court finds no error in Magistrate Judge Pham's conclusions. Therefore, the R&R is ADOPTED, and this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). If a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE